CAMPBELL WALLACE, superintendent, plaintiff in error, *vs.* WILLIAM C. SANDERS, defendant in error.

1. When a carrier sets up the defense that the loss of property delivered to him for transportation, was occasioned by the public enemies of the State, he must establish that fact by clear and satisfactory evidence.

2. When property, received for shipment by a carrier and placed upon one of his cars, was removed therefrom by the public enemies of the State, it was incumbent upon the carrier to care for the property after it was taken from the car, and if he failed to do so in such reasonable manner as was necessary and practicable under all the circumstances, and it was lost, he will be held liable.

Carriers.    Public enemies.    Before Judge HOPKINS.    Fulton Superior Court.    October Term, 1872.

For the facts of this case, see the decision.

P. L. MYNATT, for plaintiff in error.

WILLIAM EZZARD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the value of one horse, two mules and one wagon, received by the defendant on its cars, to be carried from Dalton to Atlanta, which were lost.    On the trial, the jury found a verdict for the plaintiff.    A motion was made for a new trial, which was overruled, and the defendant excepted.    This is the second time this case has been before this Court: See 42d *Georgia Reports*, 486.    The defense set up by the defendant was, that after the plaintiff's property was

put on its cars the Confederate military authorities took possession thereof, and loaded the same with military stores and equipments. What was done with the plaintiff's property does not affirmatively appear, but the presumption is that the military authorities displaced it, as the wagon was found at or near the place where it was put on the defendant's cars. The Court charged the jury, "that when the carrier sets up the defense that the loss of the property was occasioned by the public enemies of the State, the burden of proof is upon him to prove, by clear and satisfactory evidence, that fact. If the property was lost, and the loss was occasioned by the military forces of the Confederate States, or by the authority of the Confederate States, and there was no negligence on defendant's part that contributed to the loss, it would not be liable. If you should find that the property was received for shipment by defendant, and placed in one of its cars, and was taken from the cars by the military or by the authority of the Confederate States, it was the duty of the defendant to care for the property after it was taken from the cars, and if it failed to do so in such reasonable manner as was necessary and practicable under all the circumstances, and it was lost, the defendant would be liable." We find no error in the charge of the Court, in view of the facts contained in the record, and as the verdict is right, under the evidence, we affirm the judgment of the Court below.

Judgment affirmed.